IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON ARMSTRONG HILL, | ) | |
| | ) | |
| Petitioner, | ) | No. 13 C 1242 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respndent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Clayton Armstrong Hill has filed a pro se Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, claiming a violation of the Ex Post Facto Clause of the Constitution. U.S. Const. art I, § 9, cl. 3. The government opposes petitioner's motion. For the reasons described below, the motion is denied.

**BACKGROUND**

In 2009, petitioner was charged in a forty-one count indictment alleging conspiracy to defraud the United States, in violation of 18 U.S.C. § 286 (Count One); making false claims against the United States, in violation of 18 U.S.C. § 287 (Counts Two through Twenty-One); and identity theft, in violation of Title 18 U.S.C. § 1028(a)(7) (Counts Twenty-Two through Forty-One). The charges arose from a scheme that ran from approximately September 2005 through approximately February 2006, in which petitioner and his wife used personal identifiers of individuals to file fraudulent federal tax refund claims.

In February 2011, petitioner pled guilty in an open plea to conspiring to defraud the United States, in violation of 18 U.S.C. § 286 (Count One), and knowingly transferring, possessing and using, without lawful authority, the name and social security number of another person with intent to violate federal law, in violation of 18 U.S.C. § 1028(a)(7) (Count Twenty-

Two).  The court calculated petitioner's advisory Guideline range using the 2010 version of the Guidelines, which included a 2009 amendment to Section 2B1.1, Application Note 4. Application Note 4(E) was added to U.S.S.G. § 2B1.1, and provides that, for the purposes of subsection (b)(2), the term "victim" includes "any individual whose means of identification was used unlawfully or without authority." U.S.S.G. § 2B1.1, App. Note 4.  Petitioner's sentence reflected a four-point enhancement based on the §2B1.1(b)(2)(B) enhancement for number of victims.  At sentencing, petitioner objected to the four-point enhancement based on United States v. Sutton, 582, F.3d 781, 785 (7th Cir. 2009), arguing that his identity theft victims were not "victims" within the meaning of § 2B1.1.  Consistent with Application Note 4(E) to §2B1.1, the court overruled petitioner's objection and applied the four-point enhancement.  On June 2, 2011, this court sentenced petitioner to concurrent terms of ninety-two months' imprisonment consistent with the Sentencing Guidelines.  On June 29, 2012, the Seventh Circuit affirmed petitioner's sentence.

Petitioner now files the instant § 2255 motion, arguing that this court violated the Ex Post Facto Clause of the Constitution by applying the four-point increase of §2B1.1(b)(2) because it was a post-offense amendment to the Guidelines, and thereby subjected petitioner to increased punishment.[1]

For the reasons described below, the court denies petitioner's motion.

## DISCUSSION

---

[1] Petitioner's original § 2255 motion included an allegation that his Sixth Amendment right to due process and effective assistance of counsel was violated when petitioner's counsel failed to present accurate information in mitigation of petitioner's offense conduct.  Petitioner alleges that his counsel refused or failed to challenge the government's mischaracterization of petitioner's cooperation with the government and investigating agents in an unrelated matter. Petitioner has since dismissed this second ground of his complaint.

Petitioner argues that under United States v. Peugh, 132 S.Ct. 2072 (2013), the court violated the Ex Post Facto Clause of the Constitution by applying the four-point increase under U.S.S.G. §2B1.1(b)(2). Petitioner contends that because the acts underlying his convictions occurred between approximately September 2005 through approximately February 2006, it would be a violation of the Ex Post Facto clause to apply the November 1, 2009, four-point increase to his offense level calculation under the Sentencing Guidelines. The government argues that because Peugh establishes a new rule of criminal procedure, Peugh does not apply retroactively to cases on collateral review.[2]

Although the Sentencing Guidelines are merely advisory, U.S. v. Booker, 543 U.S. 220, 222 (2005), a "district court[ ] must begin [its] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." Gall v. U.S., 552 U.S. 38, 50 n. 6 (2007). In Peugh, the Supreme Court held that "[a] retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." Peugh, 133 S. Ct. at 2084. Nevertheless, the Seventh Circuit has already held that because Peugh establishes a new procedural rule rather than a substantive one, its holding does not apply retroactively. Hawkins v. U.S., 724 F.3d 915, 917 (7th Cir. 2013).

New substantive "rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." Id. (citing Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (internal quotation marks omitted)). Conversely, new rules of procedure "do

---

[2]The government also argues that because petitioner did not raise his ex post facto argument at sentencing or on appeal, his motion must be denied. Because the court finds Peugh is not applicable to petitioner's claim, the court will not discuss the merits of this argument.

3

not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. (citing Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (internal quotation marks omitted). Therefore, Peugh does not apply retroactively. Id.; see also U.S. v. Hogge, 2013 WL 4782261, *11 (N.D. Ind. Sept. 5, 2013) (explaining Peugh's applicability).

As a result, because petitioner's conviction became final in June 2012 when the Seventh Circuit affirmed his sentence, and Peugh was not decided until 2013, the new procedural rule announced in Peugh is not applicable to petitioner's case on collateral review. Accordingly, Peugh does not entitle petitioner to any relief.

## CONCLUSION

For the foregoing reasons, the court denies petitioner's motion to vacate his sentence.

**ENTER:** April 8, 2014

_____
**Robert W. Gettleman**
**United States District Judge**